■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MAURICE WASSEL, Appellant.— Judgment convicting defendant upon his plea of attempted felonious possession of a narcotic drug, unanimously reversed on the law, judgment of conviction vacated, the indictment reinstated, and the case remanded for a new hearing on the motion to suppress. At the hearing on the motion to suppress application was made by defendant for a copy of the Grand Jury testimony of the officer, the People's only witness. The court denied the application, holding that defendant was not entitled thereto. Such refusal, especially under the circumstances of this case, constitutes reversible error (People v. Malinsky, 15 N Y 2d 86; People v. Rosario, 9 N Y 2d 286; People v. Halup, 29 A D 2d 923; People v. Aitken, 30 A D 2d 812). In light of this disposition we do not now pass upon the other questions raised. Concur — Botein, P. J., Stevens, Eager, Tilzer and Rabin, JJ.

■ SIMON SRYBNIK, Appellant, v. DUDLEY HIMOFF, Respondent, et al., Defendants.— Order, entered July 22, 1968, denying plaintiff's motion for summary judgment, unanimously reversed on the law, with $50 costs and disbursements to appellant, and the motion granted. The complaint in this action alleges two causes. The motion for summary judgment is limited to the first cause. It alleges plaintiff purchased a one-half interest in the share of respondent in a realty joint venture of the defendants. Plaintiff's contribution, the liquidation of the joint venture and the receipt by respondent of his distributive share of the joint venture are not disputed. Plaintiff is, therefore, entitled to judgment. (Nirdlinger v. Bernheimer, 133 N. Y. 45, 53.) Settle order providing for an assessment. Concur — Botein, P. J., Eager, Steuer, Capozzoli and McNally, JJ.

■ MARTIN GOTTLIEB, Individually and as a Shareholder of P.B.G. REALTY, INC., Suing on Behalf of Himself and All Other Shareholders of Said Corporation and for the Benefit of Said Corporation, Appellant, v. PHILIP PUTTER et al., Respondents. (Action No. I.) P.B.G. REALTY, INC., et al., Respondents, v. MARTIN GOTTLIEB, Appellant. (Action No. II.) — Action No. I — Judgment unanimously modified on the law to strike the disbursement of $9,600, and as so modified affirmed, without costs or disbursements. Action No. II — Judgment unanimously modified on the facts and the law to add interest at 6% from the date of appellant's investment on the sum awarded by the court and as so modified, affirmed, without costs or disbursements. We agree in the main with the conclusions arrived at by the trial court. One of the issues in the action for rescission was the sum to be returned to defendant in order to restore him to his position before entering into the contract. The court found that this was the amount he had invested. The determination overlooks the fact the plaintiffs had the use of the money which was employed to their advantage. Allowing plaintiffs to profit by that use without paying interest would unjustly enrich them at appellant's expense. In Action No. I the court allowed defendants, as an item of recovery, the premium paid on a bond to cancel a lis pendens filed by the plaintiff therein. At the time of filing and up to the decision in Action No. II plaintiffs' right to maintain the status quo was not challenged. Defendant could not tax the premium as a disbursement (CPLR 8301) and it was improper to allow it as an item of recovery. Concur — Botein, P. J., Eager, Steuer, Capozzoli and McNally, JJ.